UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL POUPART (#357073) | CIVIL ACTION |
| VERSUS | |
| DEPARTMENT OF PUBLIC SAFETY, ET AL. | 24-931-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 28, 2025.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL POUPART (#357073)                                    CIVIL ACTION

VERSUS

                                                      24-931-SDD-RLB

DEPARTMENT OF PUBLIC SAFETY, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Department of Public Safety and Corrections, Secretary Gary Westcott, and Warden Edward Bickham, complaining that his constitutional rights have been violated due to excessive heat which causes infections in the plaintiff's J-pouch. The plaintiff requests monetary and injunctive relief.

## 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## Plaintiff's Allegations

In his Complaint the plaintiff alleges that he has an Ileoanal Reservoir (a J-pouch). A J-pouch is formed, after removal of the rectum, by forming a pouch with a piece of the small intestine which is then attached to the anus. In the area where the plaintiff is housed, he is subjected to excessive heat and humidity which has caused or exacerbated pouchitis, which is a rare re-occurring infection inside his J-pouch that causes bowel frequency which leads to dehydration. Other areas in the prison that house inmates with medical conditions are air conditioned.

Subjecting the plaintiff to the excessive heat and humidity violates his Eighth Amendment right to be free from cruel and unusual punishment. Failure to regulate the temperature in the plaintiff's housing unit violates the ADA and RA. Additionally, treating other similarly situated inmates differently by providing them with air conditioning violates the Equal Protection Clause.

**Standing**

First, to the extent the plaintiff raises issues on behalf of other inmates[1], persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."). In *Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011), for example, the court held that "to the extent that [the plaintiff] seeks to raise issues regarding the illegal confinement of other prisoners ..., he lacks standing to bring those claims."); *see Kennedy v. Dallas Police Dep't*, 2007 WL 30260, at *2 (N.D. Tex. Jan. 4, 2007) (plaintiff may bring a Section 1983 action only for deprivations he suffered).[2]

In addition, Plaintiff may not function as counsel for other prisoners. *See, e.g., Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("[I]ndividuals who do not have a law license may not represent other parties even on a next friend basis."). Parties can represent themselves or they can be represented by an attorney; a non-lawyer cannot represent them. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998). As such, any claims the plaintiff is raising on behalf of others should be dismissed.

**Section 1983 Official Capacity Claims**

Next to the extent the plaintiff may be asserting a § 1983 claim for monetary damages against defendants in their official capacities, § 1983 does not provide a federal forum for a

---

[1] Plaintiff states that his rights and others are being violated due the excessive heat and humidity. *See* R. Doc. 1, p. 5, fn. 4.

[2] *See also Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (holding that the plaintiff "would lack standing to seek § 1983 damages for violations of other prisoners' rights...."); *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 281 (5th Cir. 1999), on reh'g en banc sub nom. *Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462 (5th Cir. 2001) ("[W]hen making a determination of standing[,]" trial courts "are exhorted to consider ... whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties.").

litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, to the extent the plaintiff may be asserting a § 1983 claim against defendants in their official capacities for monetary damages, any such claims are subject to dismissal. The plaintiff's section 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Furthermore, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. Defendant Department of Public Safety and Corrections is not a person within the meaning of § 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011). The Department is also entitled to sovereign immunity with regards to the plaintiff's § 1983 claims. "[T]he Fifth Circuit has squarely held that the Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity." *Beyard v. Caddo Parish Com'n*, 2007 WL 1741970, at * 2 (W.D. La. April 27, 2007) (*citing Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999)). As such, the plaintiff's section 1983 claims asserted against defendant Department of Public Safety and Corrections should be dismissed.

**Equal Protection**

The Equal Protection Clause directs that "all persons similarly circumstanced shall be treated alike."  "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). Poupart alleges a violation of the Equal Protection Clause because other inmates with medical conditions are provided with air conditioning while he and others are not.

Poupart is attempting to claim a "class of one" equal protection claim, which is an equal protection claim that is based on differential treatment but not based on membership in a suspect class or the infringement of a fundamental right. *Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591, 594 (2008); *Wood v. Collier*, 836 F.3d 534, 539 (5th Cir. 2016). To succeed with a "class of one" claim, a plaintiff must show that he or she was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment. *Engquist*, 553 U.S. at 601. However, the plaintiff has stated that there are numerous similarly situated inmates at Elayn Hunt who have heat sensitive medical conditions who are also not being provided with air conditioning. *See* R. Doc. 1, p. 5, fn. 4 and p. 7, para. 10. Accordingly, Plaintiff has not stated a claim for violation of the Equal Protection Clause, and this claim should be dismissed.

**Americans with Disabilities Act ("ADA ")
and Section 504 of the Rehabilitation Act ("RA")**

Title II of the ADA provides: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. It defines "public entities" to include local governments. *Id.* at §

12131(1)(A). The United States Supreme Court has held that prisons are public entities that may not exclude disabled individuals from participation in or deny them the benefits of their services, programs, or activities. *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020) (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998)).

Similarly, the Rehabilitation Act prohibits any "otherwise qualified individual with a disability in the United States" from being "excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination under any program or activity receiving Federal financial assistance," including any instrumentality of a local government. 29 U.S.C. § 794. The remedies, procedures, and rights available under the Rehabilitation Act parallel those available under the ADA. *Cadena*, 946 F.3d at 723 (citing *Delano-Pyle v. Victoria Cnty., Tex.*, 302 F.3d 567, 574 (5th Cir. 2002) (quoting 42 U.S.C. § 12133)). "Thus, '[J]urisprudence interpreting either section is applicable to both.'" *Cadena*, 946 F.3d at 723 (citing *Delano-Pyle*, 302 F.3d at 574) (quoting *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)). Accordingly, the Court analyzes Plaintiff's ADA and RA claims under one rubric. *See Guy v. LeBlanc*, 400 F. Supp. 3d 536, 540–41 (M.D. La. 2019)." (citations omitted). To demonstrate a violation of either Title II of the ADA or Section 504 of the RA, "a plaintiff must prove '(1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of his disability.' " *Miraglia v. Bd. of Supervisors of La. State Museum*, 901 F.3d 565, 574 (5th Cir. 2018).

*Individual Capacity*

The Supreme Court in *Pa. Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209–10 (1998), recognized that state prisoners may bring claims against their jailors for disability discrimination

under Title II of the ADA, which prohibits discrimination by public entities. The term "public entity" in Title II does not include individuals; therefore, individual defendants cannot be held personally liable for violations of Title II of the ADA. *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Bd. of Trustees v. Garrett*, 531 U.S. 356, 374 n.9 (2001), *as stated in Bruggeman ex rel. Bruggeman v. Blagojevich*, 324 F.3d 906, 912 (7th Cir. 2003). Accordingly, to the extent that defendants Westcott and Bickham are being sued in their individual capacities, the plaintiff's ADA claims against them must be dismissed.

*Official Capacity*

Title II of the ADA validly abrogates state sovereign immunity when the state's conduct actually violates the Fourteenth Amendment. *United States v. Georgia*, 546 U.S. 151, 159 (2006). In *United States v. Georgia,* the Supreme Court recognized that refusal of prison officials to accommodate an inmate's disability needs "in such fundamentals as mobility, hygiene, [and] medical care" is conduct that can violate both the ADA and Eighth Amendment. *Id*. at 157. Because the Eighth Amendment applies to the states through the Fourteenth Amendment, an ADA violation that is also an Eighth Amendment violation actually violates the Fourteenth Amendment. Because Plaintiff's ADA claim involves conduct substantially related to his Eighth Amendment claims, sovereign immunity is abrogated, and the Department of Public Safety and Corrections ("DOC") is a proper defendant for Plaintiff's ADA claim.

However, the plaintiff's ADA and RA claims against Westcott and Bickham in their official capacities should be dismissed. An ADA suit against a state official in his or her official capacity is not a suit against the official, but rather a claim against the official's office. *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 420 n.5 (5th Cir. 2017); *see Phillips ex rel. J.H. v. Prator*, 2021 WL 3376524, at *2 (5th Cir. Aug. 3, 2021) ("As a

defendant she named Sheriff Prator in his official capacity, which means this is a suit against the Sheriff's Office."). Because the plaintiff brings suit against the DOC, any claims against the individual defendants in their official capacities are duplicative of those against the entity itself. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("[A] party may not maintain a suit against both an employer and its agent under Title VII."); *Sims v. Jefferson Downs Racing Ass'n, Inc.*, 778 F.2d 1068, 1081 (5th Cir. 1985) ("The district court's entry of judgment against both the corporation and [defendant] in her official capacity [in this § 1983 action] would therefore effectively make the corporation liable twice for the same act."). Therefore, Plaintiff cannot bring ADA/RA claims against both DOC and Westcott and Bickham in their official capacities. *See Shabazz v. Tex. Youth Comm'n*, 300 F. Supp. 2d 467, 474 (N.D. Tex. 2003) (referencing *Indest*) ("The Fifth Circuit's rationale for prohibiting concurrent suits under Title VII against an employer and the employer's agent in her official capacity is equally applicable under the ADA."). Because Plaintiff cannot bring ADA/RA claims against both DOC and Westcott and Bickham in their official capacities, his claims against Westcott and Bickham in their official capacities should be dismissed.[3]

---

[3] *See Adams v. Louisiana Department of Corrections*, 2023 WL 2442386 (M.D. La. Feb. 6, 2023) (dismissing ADA/RA claims against individual defendants in their official capacities as redundant when the state Department of Corrections was also named as a defendant); *Diemond v. Mich. Dep't of Corr.*, 2020 WL 3481540 (W.D. Mich. June 26, 2020) (same); *Davis v. N.J. Dep't of Corr.*, 2011 WL 5526081 (D.N.J. Nov. 14, 2011) (same); *Streeter v. Dep't of Pub. Safety*, 2023 WL 5532186 (S.D. Ga. Aug. 28, 2023) (same); *Oliver v. Oliver,* 2025 WL 1151034 (M.D. Ga. Apr. 17, 2025) (same); *Cavitt v. Mass. Dep't of Corr.*, 512 F. Supp. 3d 149, 153 (D. Mass. 2021) (same); and *Norfleet v. Illinois Dept. of Corrections, 2025 WL 9455572 (S.D. Ill. Dec. 28, 2015) (same)*.

## RECOMMENDATION

It is recommended, pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[4] that the following claims be dismissed with prejudice: (1) all claims the plaintiff is attempting to assert on behalf of others; (2) plaintiff's claim for violation of the Equal Protection Clause; (3) plaintiff's section 1983 claims asserted against defendant Department of Public Safety and Corrections; (4) plaintiff's section 1983 claims for monetary damages asserted against defendants Westcott and Bickham in their official capacities; and (5) plaintiff's ADA and RA claims asserted against defendants Westcott and Bickham in their individual and official capacities.

It is further recommended that this matter be referred back to the Magistrate Judge for further proceedings herein on the plaintiff's remaining claims: (1) plaintiff's constitutional claim for exposure to excessive heat asserted against defendants Westcott and Bickham in their individual capacities; and (2) plaintiff's ADA and RA claims asserted against the Louisiana Department of Public Safety and Corrections.

Signed in Baton Rouge, Louisiana, on May 28, 2025.

                                                   **RICHARD L. BOURGEOIS, JR.**
                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[4] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."