# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**PAUL POUPART (#357073)**                                    **CIVIL ACTION**

**VERSUS**

                                                              **24-931-SDD-RLB**

**DEPARTMENT OF PUBLIC SAFETY, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 20, 2026.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

PAUL POUPART (#357073)                                    CIVIL ACTION

VERSUS

                                            24-931-SDD-RLB

DEPARTMENT OF PUBLIC SAFETY, ET AL.

<u>**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**</u>

This matter comes before the Court on the remaining defendants' Motion to Dismiss (R. Doc. 24). The Motion is opposed. *See* R. Doc. 29.

The *pro se* plaintiff, an inmate confined at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Department of Public Safety and Corrections, Secretary Gary Westcott, and Warden Edward Bickham, complaining that his constitutional rights have been violated due to excessive heat which causes infections in the plaintiff's J-pouch. The plaintiff requests monetary and injunctive relief.

**Rule 12(b)(6)**

Defendants assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that, with regards to the plaintiff's remaining claims, Plaintiff has failed to state a claim upon which relief may be granted.[1] In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must

---

[1] Plaintiff's remaining claims are: (1) plaintiff's constitutional claim for exposure to excessive heat asserted against defendants Westcott and Bickham in their individual capacities; and (2) plaintiff's ADA and RA claims asserted against the Louisiana Department of Public Safety and Corrections. All other claims were dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See* R. Docs. 5 and 7.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

In his Complaint the plaintiff alleges that he has an Ileoanal Reservoir (a J-pouch). A J-pouch is formed, after removal of the rectum, by forming a pouch with a piece of the small intestine which is then attached to the anus. In the area where the plaintiff is housed, he is subjected to excessive heat and humidity which has caused or exacerbated pouchitis, which is a rare re-occurring infection inside his J-pouch that causes bowel frequency which leads to

dehydration. Other areas in the prison that house inmates with medical conditions are air conditioned.

Subjecting the plaintiff to the excessive heat and humidity violates his Eighth Amendment right to be free from cruel and unusual punishment. Failure to regulate the temperature in the plaintiff's housing unit violates the ADA and RA.

**Qualified Immunity**

In response to the plaintiff's allegations, Defendants assert that defendants Westcott and Bickham are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that Defendant's motion should be denied. Plaintiff's allegations, accepted as true, state a claim for exposure to excessive heat, and for discrimination under the ADA and RA.

*Unconstitutional Conditions of Confinement – Excessive Heat*

The plaintiff's claim in this case is that he was subjected to unconstitutional conditions of confinement due to exposure to extreme heat. This claim arises under the Eighth Amendment to the United States Constitution and its prohibition against cruel and unusual punishment, including the unnecessary and wanton infliction of pain. *Wilson v. Seiler,* 501 U.S. 294, 297 (1991), *citing Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday,* 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999) (recognizing that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). It is well-established in the Fifth Circuit "that the Eighth Amendment guarantees inmates a right to be free from exposure to extremely dangerous temperatures without adequate remedial measures." *Hinojosa v. Livingston*, 807 F.3d 657, 669 (5th Cir. 2015).

A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." *Harris v. Angelina County, Texas,* 31 F.3d 331, 334 (5th Cir.1994), *citing Wilson v. Seiter, supra,* 501 U.S. at 304. Second, under a subjective standard, the Court must determine that the prison officials responsible for the deprivation have been "deliberately indifferent to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994); *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995). In applying this standard, the determinative question is whether the defendant prison officials subjectively knew that the inmate plaintiff faced a substantial risk

of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan, supra,* 511 at 837.

Specifically, prison officials must be shown to have been personally aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and they also must be shown to have drawn the inference. *Id.* Conclusory allegations are not sufficient, and a plaintiff must present facts to support what are otherwise broad and conclusory allegations of wrongdoing. *See Rougley v. GEO Group,* 2011 WL 7796488, *3 (W.D. La. Nov. 7, 2011).

Here the plaintiff alleges that defendants Westcott and Bickham's wrongful policies and/or lack of policies or enforcement thereof (specifically the Heath Pathology Department Policy #300-D5)  have resulted in his exposure to excessive heat. Plaintiff further alleges that these defendants have failed to implement remedial measures for the heat and that they have denied him access to the same. Specifically, the plaintiff alleges that the only remedial measures provided in his housing area are for security only, despite the filing of grievances. Plaintiff further alleges that he was transferred to Elayn Hunt Correctional Center for specific medical care. Instead, he has been housed in an area where he is subjected to extreme heat and has not been provided with remedial measures resulting in him being sick every two weeks with a rare reoccurring condition, while other areas of the prison are provided with relief from the heat.

The allegation regarding the lack of remedial measures alone is sufficient to establish the plaintiff's claim. As noted by the Court in *Yates v. Collier*, 868 F.3d 354, 360 (5th Cir. 2017), the Court has decided numerous appeals arising from cases in which inmates have challenged the heat levels within prisons located throughout this circuit, and has repeatedly upheld district court findings that the heat levels within these prisons violate the Eighth Amendment, even when some mitigating measures were available. Here, the plaintiff alleges that in his housing area remedial

measures are provided only for security. As such, plaintiff has alleged facts tending to show that these defendants subjectively knew that the plaintiff faced a substantial risk of serious harm yet disregarded that risk by failing to take reasonable steps to abate it. Accordingly, the defendants' Motion should be denied.

### *ADA and RA*

Defendants assert that the plaintiff has failed to state a claim for relief under the ADA and RA because the plaintiff does not allege that he has been singled out and all other prisoners housed in the same area are subject to the same conditions. In *Hinojosa v. Livingston*, 994 F. Supp. 2d 840 (S.D. Tex. 2014), the mother (Hinojosa) of a former inmate who died of hyperthermia (decedent) claimed pursuant to the ADA/RA that: (1) decedent's combination of medical conditions and medications rendered him disabled and vulnerable to extreme heat; and (2) prison officials' failure to make reasonable accommodations for those disabilities resulted in the decedent's death. *Id.* at 482. The Court concluded that Hinojosa had alleged sufficient facts to state the requisite discrimination under the ADA/RA, and explained:

> [Hinojosa] allege[d] that Defendant knew of the risks and dangers associated with certain medical conditions and medications, that Defendant knew the decedent suffered from those conditions and used those medications, and that despite that knowledge, Defendant failed to make reasonable accommodations, resulting in the decedent suffering more pain and punishment than non-disabled prisoners—namely, his death. It is not enough for Defendant to claim that all prisoners in the Garza West Unit—whether suffering from a disability or not—endured the same housing and living conditions that the decedent did because even though the condition complained of was suffered by all of the inmates, [Hinojosa] has alleged sufficient facts to state that those conditions were more onerous on the decedent due to his particular disabilities. [2]

Similar to *Hinojosa*, Plaintiff alleges in his complaint that officials were aware of the increased dangers associated with excessive heat for inmates who suffer from certain medical conditions as evidenced by the Heat Pathology policy. Plaintiff further alleges that, even though

---

[2] *Hinojosa*, 994 F. Supp. 2d at 443.

officials were aware of the dangers, they failed to make any reasonable accommodations for inmates like Plaintiff who have heat-sensitive disabilities. Rather, remediation measures were only provided for security.

Further, even though disabled inmates like Plaintiff and non-disabled inmates were subjected to the same excessive heat conditions, Plaintiff's allegations are more than sufficient to show that the excessive heat caused him to suffer more pain and punishment than his non-disabled counterparts. "Failure to make reasonable accommodations to the needs of a disabled prisoner may have the effect of discriminating against that prisoner because the lack of an accommodation may cause the disabled prisoner to suffer more pain and punishment than non-disabled prisoner." *Cleveland v. Gautreaux*, 198 F. Supp. 3d 717, 746 (M.D. La. 2016): (quoting *McCoy v. Tex. Department of Criminal Justice*, 2006 WL 2331055, at *7 (S.D. Tex. 2006)); *see also Georgia*, 546 U.S. at 157; *Patrick*, 2020 WL 4040969 at *39. "[W]here the defendant otherwise had knowledge of the individual's disability and needs but took no action," not even the failure to expressly request a specific accommodation (or modification) fatally undermines an ADA claim. *See Cleveland*, 198 F. Supp. 3d 717, 746 (citing *Greer v. Richardson Independent School District*, 472 Fed. Appx. 287, 296 (5th Cir. 2012)); *see also Borum v. Swisher County*, 2015 WL 327508, at *9 (N.D. Tex. 2015); *Hinojosa v. Livingston*, 994 F. Supp. 2d 840, 843–44 (S.D. Tex. 2014). As such, the plaintiff has stated a claim against defendant Louisiana Department of Public Safety and Corrections for violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act ("RA"). Accordingly, the defendant's Motion should be denied.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Defendants' Motion to Dismiss (R.

Doc. 24) be denied, and that this matter be referred back to the Magistrate Judge for further

proceedings herein.

Signed in Baton Rouge, Louisiana, on July 20, 2026.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE