**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PAUL POUPART (#357073)** **CIVIL ACTION**

**VERSUS** **24-931-SDD-RLB**

**DEPARTMENT OF PUBLIC SAFETY, ET AL.**

**RULING**

Before the Court is the plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 48) and Motion for Leave to File Motion for Preliminary Injunction and/or Temporary Restraining Order (R. Doc. 52).Therein plaintiff alleges that he is being denied access to the law library due to retaliation which began on or about September 18, 2026.

**Applicable Standard**

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See* also *Allied Marketing Group., Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

***Plaintiff has failed to show the facts and law clearly favor his request for a preliminary injunction.***

Plaintiff does not have a likelihood of success on the merits because he has not exhausted his retaliation claims. Prior to commencing a civil action in this Court with respect to prison conditions the plaintiff is required, as mandated by 42 U.S.C. § 1997e, to exhaust administrative remedies available to him at the prison. This provision is mandatory and applies broadly to “all inmate suits about prison life.” *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency’s deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the

administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson, supra*, 385 F.3d at 516, *quoting Porter v. Nussle, supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id*.

The events complained of in the instant Motions occurred after the plaintiff filed his Complaint; therefore, it is not possible that the plaintiff exhausted his grievance with regards to these claims prior to filing his Complaint. As such, it is clear that the plaintiff failed to exhaust his administrative remedies, with regards to these claims, prior to filing suit as required by 42 U.S.C. § 1997e. Consequently, there is no substantial likelihood of prevailing on the merits of these claims. To obtain any relief on these claims, if merited, the plaintiff would be required to file a new complaint after exhausting his administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motions (R. Docs. 48 and 52) are **DENIED**.

Signed in Baton Rouge, Louisiana on November 5, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**